# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ERIC R. JOHNSON,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0625**  (BOR Appeal No. 2050016)
(Claim No. 2014035367)

**ROC, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Eric R. Johnson, by Timothy Rosinsky, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. ROC, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 4, 2015, in which the Board reversed a November 18, 2014, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's June 13, 2014, decision. In its Order, the Office of Judges reversed the claims administrator's June 13, 2014, decision rejecting Mr. Johnson's application for workers' compensation benefits and held the claim compensable for lateral epicondylitis of the left elbow. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson alleges that he injured his left elbow in the course of his employment on February 19, 2014. It is undisputed that Mr. Johnson did not immediately report the alleged injury or receive any form of medical treatment. The first documented date on which he received treatment in relation to the alleged injury is March 7, 2014, when he sought care with Jennifer McCraken, CRNP, his primary care provider. Mr. Johnson reported to Ms. McCraken that he had been experiencing pain in his left arm and elbow for approximately one week. He further

1

reported that he believes he injured himself in the course of his employment while loading and unloading materials from a vehicle over the course of several hours. Ms. McCraken diagnosed him with lateral epicondylitis of the left elbow and recommended that he undergo an MRI.

Approximately one month after he sought treatment with Ms. McCraken, Mr. Johnson presented himself at Southwest Regional Medical Center's emergency department with a complaint of left elbow pain. He reported injuring his left elbow while at work on February 19, 2014, but indicated that he is unsure how the injury occurred. Mr. Johnson was instructed to follow up with an orthopedic surgeon. On May 12, 2014, Laura Weigand, M.D., performed an orthopedic consultation. She noted that Mr. Johnson reported developing soreness in his left elbow after loading a vehicle over the course of approximately fifteen hours on February 19, 2014. She diagnosed Mr. Johnson with lateral epicondylitis of the left elbow, left cubital syndrome, and a partial tear of the radial collateral ligament which was revealed via MRI. Dr. Weigand opined that the majority of Mr. Johnson's pain likely arises from the lateral epicondylitis of the left elbow.

After his consultation with Dr. Weigand, Mr. Johnson presented himself at Monongalia General Hospital's emergency department on June 4, 2014. Once again, he reported that he injured his left elbow while at work on February 19, 2014, and indicated that he was seeking treatment in the emergency department in order to facilitate a West Virginia workers' compensation claim. Mr. Johnson was instructed to follow up with William Post, M.D., for an orthopedic consultation. He was examined by Dr. Post on June 5, 2014, and was diagnosed with lateral epicondylitis of the left elbow.

On June 9, 2014, Margaret Beaver, CRNP, completed a Report of Injury on Mr. Johnson's behalf. When completing the form, she did not indicate that Mr. Johnson's current condition is the result of an occupational injury. Additionally, she provided a statement regarding her treatment of Mr. Johnson and stated that he "alleges" that his left elbow began to hurt after loading a vehicle. Ms. Beaver also provided the following statement: "Please note that I saw the patient fifty-four days post-injury". Further, in the employer's first documentation of the alleged injury it is noted that the employer questions the injury and believes that Mr. Johnson may have injured himself while working for another employer. The claims administrator rejected Mr. Johnson's application for workers' compensation benefits on June 13, 2014.

Mr. Johnson authored an affidavit on July 17, 2014. He stated that on February 19, 2014, he initially felt an uncomfortable sensation in his left elbow and forearm while servicing a piece of equipment with a wrench, but noticed an increased amount of pain while loading materials into a vehicle at the end of the workday. He further stated that over the course of the next several days, the pain in his elbow continued to increase. Mr. Johnson then indicated that he notified his supervisor of the incident several days later and was instructed to follow up with his primary care provider. He indicated that there were initially multiple delays in processing his claim for workers' compensation benefits because the claim was initially erroneously filed in Ohio.

Finally, Brenda Schell, the office manager for ROC, Inc., authored an affidavit on October 6, 2014. She stated that the only date on which Mr. Johnson was employed by ROC,

Inc., in 2014 was the alleged date of injury in the instant claim. Ms. Schell further stated that Mr. Johnson did not report the alleged injury to ROC, Inc., until approximately two weeks after the alleged date of injury. She indicated that the employer disputes the compensability of Mr. Johnson's claim for workers' compensation benefits because of his failure to timely report the alleged injury.

The Office of Judges reversed the June 13, 2014, claims administrator's decision and held Mr. Johnson's claim compensable for lateral epicondylitis of the left elbow. In its decision dated June 4, 2015, the Board of Review reversed the decision of the Office of Judges and reinstated the June 13, 2014, claims administrator's decision. On appeal, Mr. Johnson asserts that the evidence of record clearly demonstrates that he developed lateral epicondylitis of the left elbow in the course of and as a result of his employment.

In its Order affirming the June 13, 2014, claims administrator's decision, the Office of Judges noted that Mr. Johnson was consistently diagnosed with lateral epicondylitis of the left elbow. Additionally, the Office of Judges found that Mr. Johnson reported that he injured his left arm in the course of his employment on February 19, 2014, numerous times. Finally, the Office of Judges concluded that Mr. Johnson's employment represents the most likely cause of his development of lateral epicondylitis of the left elbow.

In its Order reversing the decision of the Office of Judges and reinstating the claims administrator's decision, the Board of Review found that Mr. Johnson's allegations regarding the causation of his current medical condition are speculative. The Board of Review noted that Mr. Johnson did not seek any form of medical treatment until sixteen days after the alleged date of injury and it further noted that when he did initially seek treatment, Mr. Johnson reported to the healthcare provider that he had only been experiencing left elbow pain for approximately one week. Additionally, the Board of Review found that another of Mr. Johnson's healthcare providers, Ms. Beaver, completed his application for workers' compensation benefits but did not indicate that his current medical condition is a direct result of an occupational injury. Finally, the Board of Review concluded that Mr. Johnson has failed to demonstrate that he was injured in the course of and resulting from his employment. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 24, 2016**

3

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman